UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FREMONT INVESTMENT & LOAN COMPANY,

    Plaintiff,

v.                                   Case No: 2:15-cv-501-FtM-29MRM

OWEN BADESEE, the unknown spouse of Owen Badasee a/k/a Owen Bedasee, if living, including any unknown spouse or said defendant(s), if remarried, and if deceased, the respective unknown heirs, devisees, grantees, assignees, creditors, lienors, and trustees, and all, SANDIE BEDASEE, the unknown spouse of Sandie Bedasee, UNKNOWN TENANT #1, UNKNOWN TENANT #2, and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., as nominee for Fremont Investment & Loan,

    Defendants.

_____

**OPINION AND ORDER**

This matter comes before the Court on plaintiff's Motion to Remand (Doc. #8) filed on September 15, 2015. In response, defendant Owen Bedasee filed an Objection to Remand (Doc. #10) and Amended Objection to Remand With Affidavit (Doc. #11). For the reasons stated below, the Court finds no basis to exercise subject-matter jurisdiction and will remand the case.

*Procedural History*

The Complaint was originally filed in Collier County Circuit Court on February 22, 2008, seeking to foreclose on a $444,000 purchase money mortgage on real property located in Naples, Florida.  (Doc. #1-1.)  Defendants defaulted on or about September 1, 2007, with a remaining balance of $433,462.15, plus interest, late charges, and expenses.  (Doc. #2.)  On April 16, 2008, summary judgment was granted in the amount of $461,863.99, plus attorney's fees.  On June 13, 2008, a Final Judgment of Foreclosure was entered on the docket, and the foreclosure was scheduled.  The sale was cancelled and rescheduled numerous times upon motion by plaintiff, and on November 17, 2008, defendant Sandie Bedasee filed a Suggestion of Bankruptcy prompting a further cancellation.  The Bankruptcy Court lifted the automatic stay for purposes of proceeding against the property, and the foreclosure sale was once again rescheduled, and reset several times.  The foreclosure sale finally took place on June 10, 2009, and plaintiff filed a Certificate of Sale on the same day.  (Doc. #1-1.)

On June 23, 2009, defendant Owen Bedasee filed a Notice of Appeal with the Second District Court of Appeals, and a Certificate of Title was also issued to HSBC Bank USA National Association as Trustee Under the Pooling and Servicing Agreement Dated as of November 1, 2005.  On July 16, 2009, defendant Sandie Bedasee

joined the appeal by signing an Amended Notice of Appeal.  The Florida District Court of Appeals dismissed the appeal as untimely on March 1, 2010, and defendant Owen Bedasee sought relief from the Florida Supreme Court.  While the petition was under review, on June 25, 2010, a Writ of Possession was issued and forwarded to the Collier County Sheriff's Office.  Mr. Bedasee sought a stay of its execution and filed a Notice indicating that he had filed for bankruptcy.   The Chapter 13 case was dismissed by the Bankruptcy Court, and the Florida Supreme Court denied review.

On October 25, 2010, defendant Owen Bedasee sought to set aside the final judgment.  The motion was referred to the magistrate judge who issued a report and recommendation.  In the interim, defendant filed another Notice of Appeal to the Second District Court of Appeals.  On February 10, 2011, an order was issued on the recommendation, and the appeal was later dismissed. Defendant again sought bankruptcy relief, which case was also dismissed by the Bankruptcy Court.  Another several appeals were filed, and another petition to the Florida Supreme Court.  These were either dismissed, or an order was issued affirming the lower court.  Several more suggestions of bankruptcy were also filed, and in August 2015, an appeal was transmitted to the Second District Court of Appeals.  That appeal appears to remain pending, and an order to show cause was issued by the Second District Court

of Appeals as to why the appeal should not be dismissed. On August 19, 2015, the Circuit Court issued the Writ of Possession. On August 28, 2015, defendant Owen Bedasee's Chapter 13 case was dismissed by the Bankruptcy Court. See 9:15-bk-07688-FMD.

*Notice of Removal*

On a motion to remand, defendant bears the burden of establishing proper subject-matter jurisdiction, Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996) (citing Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1356 (11th Cir. 1996)), and as defendant is *pro se,* his pleadings will be liberally construed, Hope v. Bureau of Prisons, 476 F. App'x 702, 704-05 (11th Cir. 2012). The Court notes that the foreclosure sale took place on June 10, 2009, an appeal was filed with the Second District Court of Appeals in August 2015, and the case was also simultaneously removed, and the Writ of Possession was issued, in August 2015. Therefore, the case was concluded and on appeal when removed.

The Notice of Removal was filed by Owen Bedasee only, and asserts a constitutional challenge to an unspecified Florida statute governing foreclosure proceedings. (Doc. #1.) The Notice of Removal also references a "federal civil suit imminently pending for filing" that Mr. Bedasee would seek to have consolidated with this case, however no such suit is currently pending. (Doc. #1, p. 3.) No specific basis for subject-matter jurisdiction is

stated on the face of the Notice of Removal other than the allegations of a due process violation. Therefore, the Court will construe the removal as one based on the presence of a federal question under 28 U.S.C. § 1331. No allegations of citizenship are before the Court, and therefore the Court finds no assertion of removal based on 28 U.S.C. § 1332.

"The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b)(1). If the case is not removable based on the initial pleading, "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." Id. at § 1446(c).

"[F]ederal jurisdiction generally exists only when a federal question is presented on the face of the *plaintiff's* properly pleaded complaint." Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 831 (2002) (quoting Caterpillar Inc. v.

Williams, 482 U.S. 386, 392 (1987) (emphasis in original)). The Complaint presents no federal question, and no amended pleading was filed presenting a federal question. Therefore, there was no basis of removal based on any pleading or other paper.[1] Even if a federal question had been presented in the Complaint, removal *after* the entry of the final judgment of foreclosure is clearly untimely. In any event, defendant did not obtain the consent of all defendants for the removal. See 28 U.S.C. § 1446(b)(2)(A)("When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.").

*Objections to Remand*

In objecting to the motion for remand, Mr. Bedasee argues that he was never properly served with process in state court and plaintiff never had standing to proceed to judgment in state court. Mr. Bedasee further argues that he objects to a remand because the state court has no jurisdiction to hear his federal claims. (Doc.

---

[1] To the extent that defendant asserts a counterclaim as his basis for removal, a counterclaim cannot provide a basis for removal, even if it alleges a federal cause of action. See Great N. Ry. Co. v. Alexander, 246 U.S. 276, 281 (1918) ("It is also settled that a case, arising under the laws of the United States, non-removable on the complaint, when commenced, cannot be converted into a removable one by evidence of the defendant."); Holmes Grp., 535 U.S. at 831 ("It follows that a counterclaim—which appears as part of the defendant's answer, not as part of the plaintiff's complaint—cannot serve as the basis for "arising under" jurisdiction.").

#10.) These arguments are rejected. First, there is no indication that a federal claim was presented in the Complaint, and no indication why Mr. Bedasee could not raise any constitutional arguments as a counterclaim or by motion in the state court proceeding. Second, contrary to Mr. Bedasee's objection, state courts have concurrent jurisdiction to hear federal claims, unless Congress provides otherwise. Gulf Offshore Co., Div. of Pool Co. v. Mobil Oil Corp., 453 U.S. 473, 478 (1981).

"Courts have consistently held that a party is precluded by res judicata from relitigation in the independent equitable action issues that were open to litigation in the former action where he had a fair opportunity to make his claim or defense in that action." Travelers Indem. Co. v. Gore, 761 F.2d 1549, 1552 (11th Cir. 1985) (quoting Bankers Mortgage Co. v. United States, 423 F.2d 73, 79 (5th Cir. 1970)). Therefore, the state court had the authority to entertain any such arguments, defendant had the opportunity to raise these arguments, and this Court has no authority to relitigate the closed case, or to interfere with the pending appeal. The objections are overruled.

In the Amended Objection, Mr. Bedasee objects to remand because he argues that he was denied due process and equal protection under the Fourteenth Amendment. More specifically, Mr. Bedasee argues that counsel for plaintiff has consistently failed

to serve him with motions, that he was never served with process and the state court "turned a blind eye" to this fact, that plaintiff had no authority to seek foreclosure after having filed its own Chapter 11 bankruptcy case, that the mortgage and note were rescinded or are void, and because various federal statutes give this Court authority over the state court proceedings. (Doc. #11.)

The Rooker-Feldman[1] doctrine "places limits on the subject matter jurisdiction of federal district courts and courts of appeal over certain matters related to previous state court litigation." Goodman v. Sipos, 259 F.3d 1327, 1332 (11th Cir. 2001).  Under the Rooker–Feldman doctrine, "federal district courts cannot review state court final judgments because that task is reserved for state appellate courts or, as a last resort, the United States Supreme Court."  Casale v. Tillman, 558 F.3d 1258, 1260 (11th Cir. 2009). Accordingly, a federal district court lacks jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).  "The doctrine applies

---

[1] See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

both to federal claims raised in the state court and to those inextricably intertwined with the state court's judgment, meaning that the district court may not entertain claims that would effectively nullify the state court judgment or succeed only to the extent that the state court wrongly decided the issues." Nivia v. Nation Star Mortgage, LLC, No. 14-14048, 2015 WL 4930287, at *2 (11th Cir. Aug. 19, 2015) (quoting Casale, 558 F.3d at 1260).

The sole relief sought in the Complaint, and by defendant in the Notice of Removal, has been granted, rejected, or otherwise concluded in the state court, and cannot now be re-litigated or revisited in federal court.  Finding no federal jurisdiction, the case will be remanded.

Accordingly, it is hereby

**ORDERED:**

1. Plaintiff's Motion to Remand (Doc. #8) is **GRANTED.**

2. Defendant's Renewed Motion for an Evidentiary Hearing in Order to Quash Service of Process, Motion to Set Aside and Vacate Final Summary Judgment, Vacate Certificate of Sale and to Vacate Certificate of Title and Motion to Stay Proceedings (Doc. #3) is **DENIED** as moot.

3. The Clerk is directed to remand the case to the Circuit Court of the Twentieth Judicial Circuit, in and for Collier

   County, Florida, and to transmit a certified copy of this Order to the Clerk of that Court.

4. The Clerk is further directed to terminate all pending motions and deadlines and close this case.

**DONE and ORDERED** at Fort Myers, Florida, this __21st__ day of October, 2015.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of Record